# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CAITLIN ZULFIC and CLARIBEL BUENO )<br>     Plaintiffs )<br>     v. )<br> )<br>AREO DENTAL MANAGEMENT COMPANY, )<br>LLC )<br>     Defendant. )<br> ) | No. 1:26cv00707 |

## COMPLAINT

NOW COME Plaintiffs Caitlin Zulfic ("Ms. Zulfic") and Claribel Bueno ("Ms. Bueno") (collectively "Plaintiffs"), by and through their attorneys, and for their Complaint against Defendant Areo Dental Management Company, LLC ("Defendant") state as follows:

## NATURE OF THE ACTION

1. This is an action for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII) (42 U.S.C. § 2000e(k)) as amended by the Pregnancy Discrimination Act of 1978 and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101.

2. Plaintiffs bring this action to challenge Defendant's unlawful employment practices, including discrimination based on sex and pregnancy, as well as retaliation for opposing these discriminatory practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331 and should exercise its supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391 because all of the conduct complained of occurred within this District.

5. On December 22, 2025, the Equal Employment Opportunity Commission issued a Notice of Right to Sue to Ms. Zulfic (21BA-2025-01532). On October 23, 2025 (2026CF0334) and December 3, 2025 (2026CN0553) the Illinois Department of Human Rights issued its equivalent Notice of Right to Sue to Ms. Zulfic. She initiated a civil action in federal court within 90 days of receipt. *See* **Exhibit A.**

6. On December 22, 2025, the Equal Employment Opportunity Commission issued a Notice of Right to Sue to Ms. Bueno (21B-2025-01600). On October 24, 2025 (2026CF0399) and November 6, 2025 (2026CN0406), the Illinois Department of Human Rights issued its equivalent Notice of Right to Sue to Ms. Bueno. She initiated a civil action in federal court within 90 days of receipt. *See* **Exhibit B.**

## PARTIES

7. Ms. Zulfic is an individual who resides in Channahon, Illinois. She was employed by Defendant from approximately December 2022 through May 2025.

8. Ms. Bueno is an individual who currently resides in Leominster, Massachusetts, but was a resident of Illinois during her employment with Defendant. She was employed by Defendant from approximately March 2025 through July 2025.

9. Defendant Areo Dental Management Company, LLC is a limited liability company operating in the dental management business with its principal place of business located at 13247 S. Baltimore Ave. Chicago, Illinois 60633.

## FACTS

### *Plaintiff Caitlin Zulfic*

10. Ms. Zulfic was hired by Defendant in approximately December 2022 as Director of Operations and was later promoted to Vice President of Operations.

2

11. Ms. Zulfic is female.

12. Beginning in approximately June 2024, Defendant's owners, Dr. Abhishek Nagaraj ("Dr. Raj") and Dr. Anushka Gaglani ("Dr. G"), regularly made discriminatory comments grounded in gender stereotypes about a women's ability to balance family and career.

13. Defendant's comments included but were not limited to, discouraging Ms. Zulfic from becoming pregnant by pressuring her to delay having children. When she expressed her desire to have children, Defendant responded, "as a woman, you can have it all, just not at the same time," implying that she would have to choose between career success and having a family. Defendant also pressured Ms. Zulfic to freeze her eggs.

14. In or around February 2025, Ms. Zulfic informed Defendant that she was pregnant. Upon learning of her pregnancy, Defendant responded with, "oh, that's stressful, how will we manage without you?" signaling that her pregnancy was a perceived burden to the company.

15. After she disclosed her pregnancy, Defendant repeatedly questioned Ms. Zulfic's "commitment" to the company.

16. Unfortunately, Ms. Zulfic suffered a miscarriage in or around March 2025.

17. In or around March 2025, Ms. Zulfic informed Defendant that she intended to become pregnant again.

18. Ms. Zulfic became pregnant again in or around May 2025.

19. Based upon information and belief, similarly situated male employees were not questioned about their "commitment" to the company on the basis of their partner's pregnancy, nor were they pressured to delay their partner's pregnancy.

3

20. In or around May 2025, Ms. Zulfic questioned Defendant's decision to bring in a third-party consultant to handle operations, work that fell squarely within her responsibilities as Vice President of Operations, believing Defendant's actions were retaliatory and discriminatory.

21. Ms. Zulfic complained that Defendant's discriminatory actions were intended to push her out of the company due to her pregnancy and anticipated family responsibilities.

22. On or around May 19, 2025, Defendant discriminated and retaliated against Ms. Zulfic by terminating her employment, citing pretextual policy violations regarding working from home and a missed interview.

*Plaintiff Claribel Bueno*

23. Ms. Bueno was hired by Defendant in approximately March 2025 as an Operations Manager.

24. Ms. Bueno is female.

25. Approximately two weeks before Ms. Zulfic's termination, Ms. Bueno met with Dr. G and Dr. Raj. During the meeting, they asked her, "How would you feel if you had more than seven offices on your plate? Because we have a goal and we want to make sure we have the right people to obtain those goals without distractions," or words to that effect.

26. In or around May or June 2025, Ms. Bueno learned that Defendant had terminated Ms. Zulfic and another employee, Stephanie Mendoza ("Mendoza").

27. In June 2025 Ms. Bueno protested Defendant's decision to fire Mendoza, Dr. G and Dr. Raj explained that Mendoza wasn't a great fit because "she's unable to check her phone during practice hours and doesn't respond after hours due to family time, which severely limits her ability to lead effectively."

28. In or around June or July 2025, another employee complained to Ms. Bueno about an exchange she had with Dr. Raj. When the employee requested time off to take her child to the doctor, Dr. Raj asked her, "What's more important to you, your kid or your job?" When she replied, "my kid," Dr. Raj told her, "Wrong because without your job, you can't provide for your kid."

29. After observing a pattern of discriminatory conduct, in June or July 2025, Ms. Bueno complained to Defendant's owners, Dr. G and Dr. Raj, that their decisions to terminate employees based on gender-based stereotypes and their discriminatory comments toward women with family responsibilities were unlawful.

30. She complained that Mendoza was terminated because of gender-based stereotypes that women with children are less committed, less capable, or less effective as leaders in the workplace. She told Dr. G and Dr. Raj that "mothers can and do make exceptional leaders. Stephanie was one of them."

31. Immediately following her complaint, Defendant placed Ms. Bueno on a pretextual 45-day performance improvement plan ("PIP").

32. Prior to July 2025, Ms. Bueno had no documented performance issues with Defendant.

33. In or around July 2025, Defendant discriminated and retaliated against Ms. Bueno's employment, citing her complaints as the basis for its decision.

**COUNT I**
**SEX (GENDER STEREOTYPES) DISCRIMINATION IN VIOLATION OF TITLE VII**
**(Ms. Zulfic Against Defendant)**

34. Ms. Zulfic incorporates the preceding paragraphs as if alleged herein.

35. Defendant discriminated against Ms. Zulfic on the basis of sex, in violation of Title VII. Defendant acted on gender-based stereotypes that women with children are less committed,

5

less capable, or less effective as leaders in the workplace. Guided by these discriminatory assumptions, Defendant terminated Ms. Zulfic's employment because of her pregnancy and her imminent and perceived motherhood.

36. Defendant's stated reason for terminating Ms. Zulfic is pretext for sex discrimination. Defendant discouraged her from family planning based on its discriminatory belief that women cannot simultaneously raise a family and build a successful career. These sex-based stereotypes motivated Defendant's decision to end her employment.

37. As a result of Defendant's unlawful sex (gender stereotype) discrimination, Ms. Zulfic suffered damages including but not limited to lost wages and benefits, loss of equity, emotional distress, humiliation, and other compensatory damages.

## COUNT II
## SEX (PREGNANCY) DISCRIMINATION IN VIOLATION OF TITLE VII
(Ms. Zulfic Against Defendant)

38. Ms. Zulfic incorporates the preceding paragraphs as if alleged herein.

39. Defendant discriminated against Ms. Zulfic based on her sex (pregnancy) in violation of Title VII by terminating her employment because of her pregnancy.

40. Defendant's stated reason for terminating Ms. Zulfic is pretext for sex and pregnancy discrimination. Defendant discouraged her from becoming pregnant by pressuring her to delay having children and by stating that "as a woman, you can have it all, just not at the same time," implying that she would have to choose between career success and pregnancy.

41. Defendant terminated Ms. Zulfic because of her pregnancy and/or intention to become pregnant.

42. As a result of Defendant's unlawful sex (pregnancy) discrimination, Ms. Zulfic suffered damages including but not limited to lost wages and benefits, loss of equity, emotional distress, humiliation, and other compensatory damages.

### COUNT III
### RETALIATION IN VIOLATION OF TITLE VII
### (Ms. Zulfic Against Defendant)

43. Ms. Zulfic incorporates the preceding paragraphs as if alleged herein.

44. Defendant retaliated against Ms. Zulfic in violation of Title VII. She engaged in protected activity when she complained of sex discrimination and retaliation.

45. Her complaint followed Defendant's decision to strip her of crucial roles and responsibilities after she informed Defendant of her pregnancy.

46. Defendant terminated Ms. Zulfic because of her protected complaints.

47. As a result of Defendant's unlawful retaliation, Ms. Zulfic suffered damages including but not limited to lost wages and benefits, loss of equity, emotional distress, humiliation, and other compensatory damages.

### COUNT VI
### RETALIAITON IN VIOLATION OF THE IHRA
### (Ms. Zulfic Against Defendant)

48. Ms. Zulfic incorporates the preceding paragraphs as if alleged herein.

49. Defendant retaliated against Ms. Zulfic in violation of the IHRA. She engaged in protected activity when she complained of sex discrimination and retaliation.

50. She complained about Defendant's discrimination and retaliation, including Defendant's decision to strip her of crucial roles and responsibilities after she informed Defendant of her pregnancy.

51. Defendant terminated Ms. Zulfic because of her protected complaints.

52. As a result of Defendant's unlawful retaliation, Ms. Zulfic suffered damages including but not limited to lost wages and benefits, loss of equity, emotional distress, humiliation, and other compensatory damages.

### COUNT VI
### SEX DISCRIMINATION (GENDER STEREOTYPES) IN VIOLATION OF THE IHRA
### (Ms. Zulfic Against Defendant)

53. Ms. Zulfic incorporates the preceding paragraphs as if alleged herein.

54. Defendant discriminated against Ms. Zulfic on the basis of sex, in violation of the IHRA. Defendant acted on gender-based stereotypes, including that women with children are less committed, less capable, or less effective as leaders in the workplace. Guided by these discriminatory assumptions, Defendant terminated Ms. Zulfic's employment because of her pregnancy and her imminent and perceived motherhood.

55. Defendant's stated reason for terminating Ms. Zulfic is pretext for sex discrimination. Defendant discouraged her from family planning based on its discriminatory belief that women cannot simultaneously raise a family and build a successful career. These sex-based stereotypes motivated Defendant's decision to end her employment.

56. As a result of Defendant's unlawful sex (gender stereotype) discrimination, Ms. Zulfic suffered damages including but not limited to lost wages and benefits, loss of equity, emotional distress, humiliation, and other compensatory damages.

### COUNT VII
### SEX DISCRIMINATION (PREGNANCY) IN VIOLATION OF THE IHRA
### (Ms. Zulfic Against Defendant)

57. Ms. Zulfic incorporates the preceding paragraphs as if alleged herein.

58. Defendant discriminated against Ms. Zulfic based on her sex (pregnancy) in violation of Title VII by terminating her employment because of her pregnancy.

59. Defendant's stated reason for terminating Ms. Zulfic is pretext for sex and pregnancy discrimination. Defendant discouraged her from becoming pregnant by pressuring her to delay having children and by stating that "as a woman, you can have it all, just not at the same time," implying that she would have to choose between career success and pregnancy.

60. Defendant terminated Ms. Zulfic because of her pregnancy and/or intention to become pregnant.

61. As a result of Defendant's unlawful sex (pregnancy) discrimination, Ms. Zulfic suffered damages including but not limited to lost wages and benefits, loss of equity, emotional distress, humiliation, and other compensatory damages.

## COUNT VIII
## RETALIAITON IN VIOLATION OF TITLE VII
### (Ms. Bueno Against Defendant)

62. Ms. Bueno incorporates the preceding paragraphs as if alleged herein.

63. Defendant retaliated against Ms. Bueno in violation of Title VII. She engaged in protected activity when she complained of sex discrimination (gender-based stereotypes).

64. She complained about Defendant's discrimination and retaliation, including Defendant's decision to terminate a fellow employee because of Defendant's gender-based stereotypes.

65. Defendant terminated Ms. Bueno because of her protected complaints.

66. As a result of Defendant's unlawful retaliation, Ms. Bueno suffered damages including but not limited to lost wages and benefits, loss of equity, emotional distress, humiliation, and other compensatory damages.

## COUNT IX
## RETALIAITON IN VIOLATION OF THE IHRA
### (Ms. Bueno Against Defendant)

67. Ms. Bueno incorporates the preceding paragraphs as if alleged herein.

68. Defendant retaliated against Ms. Bueno in violation of the IHRA. She engaged in protected activity when she complained of sex discrimination (gender-based stereotypes) and family responsibilities discrimination.

69. She complained about Defendant's discrimination and retaliation, including Defendant's decision to terminate a fellow employee because of Defendant's gender-based stereotypes and Defendant's discriminatory comments toward women with childcare responsibilities.

70. Defendant terminated Ms. Bueno because of her protected complaint.

71. As a result of Defendant's unlawful retaliation, Ms. Bueno suffered damages including but not limited to lost wages and benefits, loss of equity, emotional distress, humiliation, and other compensatory damages.

**WHEREFORE,** Plaintiffs request that this Court enter judgment in their favor and against Defendant and award them economic and non-economic damages in an amount to be proven at trial, including interest, attorneys' fees, compensatory and actual damages, and all other relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiffs hereby demand trial by jury.

In Chicago, Illinois this 21st day of January 2026.

**LÁZARO LAW GROUP, LLC**
Attorneys for Plaintiffs Zulfic and Bueno
321 S. Plymouth Ct. Ste. 1250
Chicago, IL 60604
Tel. 312-461-9900
Fax. 312-858-6735

/s/ Joseph Garcia
_____
Rafael E. Lázaro
Catherine Roland
Joseph Garcia
rlazaro@lazarolawgroup.com
croland@lazarolawgroup.com
jgarcia@lazarolawgroup.com
